UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

LYNVAL F. SAMUELS,

                    *Plaintiff,*

        v.

SERVICES FOR THE UNDERSERVED, INC.,

                    *Defendant.*

-----------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 18 2019 ★

BROOKLYN OFFICE

MEMORANDUM & ORDER

19-cv-5927 (KAM) (LB)

**MATSUMOTO, United States District Judge:**

On October 18, 2019, Lynval F. Samuels ("Plaintiff"), proceeding *pro se*, filed this action against Services for the Underserved, Inc. ("Defendant"), alleging that it defrauded the United States and other entities in connection with its receipt of grant money earmarked for the provision of mental health treatment and housing assistance. (ECF No. 1, Complaint ("Compl.").) By Memorandum and Order dated October 28, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 but dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted. In light of Plaintiff's *pro se* status, the Court granted him leave to file an amended complaint.

On November 25, 2019, Plaintiff timely filed an amended complaint. (ECF No. 5, Amended Complaint ("Am. Compl.").) The allegations in Plaintiff's amended complaint are substantially similar to those in his initial complaint. The

only substantive difference is that Plaintiff now asserts a claim for negligence against Defendant, arguing that it breached its duty to provide him with appropriate mental health services and housing assistance. Despite this additional claim, Plaintiff's amended complaint still fails to invoke the Court's subject-matter jurisdiction. This action is thus dismissed.

## Background

As explained in the Court's October 28, 2019 Memorandum and Order, Plaintiff alleged that he is a resident of Brooklyn, New York, who suffers from schizophrenia and bipolar disorder. (ECF No. 4, Memorandum & Order, at 1-2.) Defendant is a private, not-for-profit social services agency headquartered in Manhattan, New York. (*Id.* at 2.) Defendant provides mental health treatment and housing assistance to individuals in need, including Plaintiff. (*Id.* at 2.)

Plaintiff's original complaint alleged that Defendant improperly received grant money earmarked for mental health and housing assistance. (*Id.* at 2-4.) Specifically, Plaintiff appeared to assert that Defendant listed him as a recipient of mental health and housing assistance from Defendant in connection with its grant applications, but that Defendant did not actually provide such services to Plaintiff. (*Id.*) The Court dismissed Plaintiff's complaint on the grounds that if the Defendant allegedly misused federal funds, Plaintiff could not maintain a *qui tam* action as a *pro se* litigant, and because his

2

conclusory allegations of constitutional violations failed to state a plausible claim to relief under 42 U.S.C. § 1983 against Defendant, a private actor. (*Id.* at 6-10.)

Plaintiff's amended complaint restates the substance of the allegations contained in his initial complaint. (*See generally* Am. Compl.) This time, in addition to asserting the same claims as those dismissed as deficient in the Court's prior Memorandum and Order, Plaintiff adds a claim for negligence against Defendant. (*Id.* at 2.) Plaintiff states that Defendant breached a duty of care it owed to Plaintiff by not providing him with mental health services and housing assistance. (*Id.* at 2, 10-11.) Plaintiff also appears to allege that Defendant's failure to provide him with such services constitutes "elder abuse." (*Id.* at 2.)

As relief, Plaintiff seeks injunctive relief and $200 million in damages. (*Id.* at 11-20.) Plaintiff also reiterates his request that the Court refer Defendant for investigation by the United States Attorney General, New York State Attorney General, and the Internal Revenue Service. (*Id.* at 13-14, 17.)

### Standard of Review

Where a plaintiff is proceeding *in forma pauperis*, the district court must screen the complaint and dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, where the plaintiff is proceeding *pro se*, the court must construe the plaintiff's pleadings liberally. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A *pro se* complaint, however, must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

## Discussion

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" between the plaintiff and the defendant and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). If a court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the

4

complaint in its entirety." *Arbaugh,* 546 U.S. at 514; *see also* Fed. R. Civ. P 12(h)(3).

Plaintiff's amended complaint does not set forth any federal claims or otherwise assert a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. The sole count alleged by Plaintiff's amended complaint is for negligence, which arises under state law.[1] To the extent the Court liberally construed Plaintiff's amended complaint as stating a *qui tam* claim, which possibly involved federal funds, or one for the alleged violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, such claims would fail for the reasons set forth in the Court's prior Memorandum and Order. (*See* ECF No. 4, Memorandum & Order.)

Without a federal claim, Plaintiff would need to properly allege diversity jurisdiction to establish the Court's subject-matter jurisdiction. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). Plaintiff has not alleged

---

[1] To the extent Plaintiff seeks to assert a claim for "elder abuse," this would not confer federal question jurisdiction over this action. *Aretakis v. First Fin. Equity Corp.,* No. 14-cv-3888(ENV)(LB), 2014 WL 4384688, at *2 (E.D.N.Y. Sept. 3, 2014) ("Plaintiff's. . . cause[] of action [for] abuse of the elderly] [is] plainly [a] state law claim[], which cannot confer federal question jurisdiction."); *Gilbert v. Gilbert,* No. 02-cv-3728, 2003 WL 22790940, at *2 (S.D.N.Y. Nov. 25, 2003) ("[N]either federal nor New York law recognizes a cause of action for 'elder abuse.'"); *Carvel v. Ross,* No. 09-cv-0722(AK)(JCF), 2011 WL 856283, at *11 (S.D.N.Y. Feb. 16, 2011), *report and recommendation adopted,* No. 09-cv-0722(LAK), 2011 WL 867568 (S.D.N.Y. Mar. 11, 2011) (citing *Gilbert*); *Atkins v. Bohrer,* No. 11-cv-4939 DLC, 2011 WL 6779311, at *6 (S.D.N.Y. Dec. 23, 2011) (citing *Gilbert*).

diversity of citizenship as a basis for jurisdiction. (*See* Am. Compl. at 1-2 (asserting that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331).) Even if Plaintiff had, both parties appear to be citizens of the State of New York. Mr. Samuels identifies himself as a resident of Brooklyn, New York (Am. Compl. at 1) and attaches a New York State Certificate of Incorporation for Services for the Underserved as an exhibit to his amended complaint (ECF No. 7-5, Certificate of Incorporation of Services for the Underserved, Inc.).

## **Conclusion**

For the foregoing reasons, the amended complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court is also respectfully directed to send a copy of this Memorandum and Order and the Judgment to Plaintiff and to note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:     December 17, 2019
           Brooklyn, New York

                                    /s/ USDJ Kiyo A. Matsumoto
                                    _____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge